(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
## Western District of New York

JAMEEL WILLIAMS
_____
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

John GARCIA
_____
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No.  **25 CV 6481-W**

(to be filled in by the Clerk's Office)

JURY TRIAL: Yes ✓ No____

UNITED STATES DISTRICT COURT
FILED
SEP 15 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name ......................................... JAMEEL WILLIAMS

All other names by which you have been known: ....... N/A

ID Number ............................ TCN: 38786 (NYSID: 07575346Z)

Current Institution ............... ERIE County Holding Center

Address ................................. 40 Delaware Ave.

Buffalo    New York    14202

| City | State | Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name ................................. John Garcia

Job or Title (if known) ......... Sheriff of the County of Erie

Shield Number .................... N/A

Employer ............................ Erie County

Address ............................. Erie County Sheriff's Office, 10 Delaware Ave

Buffalo    New York    14202

| City | State | Zip Code |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

Name ................................. Alfonso Harris

Job or Title (if known) ......... Chief of Security / Grievance Coordinator

Shield Number .................... N/A

Employer ............................ Erie County Sheriff's Department

Address ............................. Erie County Sheriffs Office, 10 Delaware Ave

Buffalo    New York    14202

| City | State | Zip Code |

☑ Individual capacity    ☐ Official capacity

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name (FIRST NAME N/A) McMANN

Job or Title *(if known)* LIEUTENANT / DISCIPLINARY COORDINATOR

Shield Number 1219

Employer ERIE COUNTY SHERIFF'S DEPARTMENT

Address ERIE COUNTY SHERIFF'S OFFICE / 10 DELAWARE AVE.

BuffAlo _____ NewYork _____ 14202
City        State        Zip Code

☑ Individual capacity  ☐ Official capacity

Defendant No. 4

Name (FIRST NAME/N/A) PEREZ

Job or Title *(if known)* SERGEANT

Shield Number

Employer ERIE COUNTY SHERIFF'S DEPARTMENT

Address ERIE COUNTY SHERIFF'S OFFICE / 10 DELAWARE AVE.

Buffalo _____ NewYork _____ 14202
City        State        Zip Code

(PLEASE SEE ATTACHED pgs. 3)  ☑ Individual capacity  ☐ Official capacity

II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

VIOLATIONS of the 1st, 4TH, 5TH, 6TH, 8TH, 14TH AMENDMENTS of the United States Constitution; 2025 NY ASSEMBLY BILL NO. 1261, subd. 33 of sec 2 of corr. LAW, chpt. 93, subd. 5 of sec. 137, chpt. 522 (A)(B)(C)(D)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? N/A

THE PARTIES TO THIS COMPLAINT: B) THE DEFENDANT(S) [CONTINUED FROM PAGE 3]

DEFENDANT NO. 5
NAME: (First name/NA) Bott
Job or title: SERGEANT / GRIEVANCE COORDINATOR
Shield Number:
Employer: ERIE County Sheriff's Department
ADDRESS: ERIE County Sheriff's Office/10 Delaware Ave.
Buffalo    New York    14202

[✓] Individual capacity    [ ] Official capacity

DEFENDANT NO. 6
NAME: P. McCOMBS
Job or title: Sheriff deputy
Shield Number: 1627
EMPLOYER: ERIE County Sheriff's department
ADDRESS: ERIE County Sheriff's Office/10 Delaware Ave.
Buffalo    New York    14202

[ ] Individual Capacity    [✓] Official capacity

DEFENDANT NO. 7
NAME: (First name/NA) Stockman
Job or title: SERGEANT
Shield Number: 1251
Employer: ERIE County Sheriff's Department
ADDRESS: ERIE County Sheriff's Office/10 Delaware Ave.
Buffalo,    New York    14202

Page 1 of 3

☐ Individual capacity    ☑ Official capacity

DEFENDANT NO. 8

NAME:    B. RIVERA

Job or title: Sheriff deputy

Shield Number: 1475

Employer: ERIE County Sheriff Department

Address: ERIE County Sheriff's Office / 10 Delaware Ave.
            Buffalo   New York   14202

☐ Individual capacity    ☑ Official capacity

DEFENDANT NO. 9

NAME: (First name/na) ATKENS

Job or title: SERGEANT

Shield Number: 1131

EMPLOYER: ERIE County Sheriff's Department

Address: ERIE County Sheriff's Office / 10 Delaware Ave.
            Buffalo  New York  14202

☐ Individual capacity    ☑ Official capacity

DEFENDANT NO. 10

NAME: M. PORTER

JOB of Title: Sheriff deputy

Shield Number: 16666

Employer: ERIE County Sheriff's Department

ADDRESS: Erie County Sheriff's Office/10 DELAWARE Ave.
Buffalo  New York  14202

☐ Individual capacity  ☑ Official capacity

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(PLEASE SEE Attached page(s) 5)

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [x] Other *(explain)*   DETAINEE being held (illegally) FOR PAROLE VIOLATION AGAINST L.I.M

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

ERIE County Holding CENTER July 9, 2025
( ~~█████████████~~ ) AND August 19, 2025 ChARLIE LONG LOW AND High sides cell block

Basis for Jurisdiction II, Part D

DEFENDANT No. 1 (John Garcia) is the sheriff of Erie County who has total and complete control over ECCF, ECHC and all deputies and employees working within these facilities. Defendant has control over all defendants listed in this action and under the "color of law," defendant is responsible for the training of all staff in the deployment of releasing chemical agent upon incarcerated persons, the processing of grievances and the procedure of allowing grievant to appeal said grievance, defendant is responsible for ensuring that grievant does not receive any retaliatory actions against them for exercising their statutory right to exhaust appeal rights; Defendant is responsible for all persons in his custody to receive adequate medical attention, especially when his subordinates deploys chemical agent upon person(s) in his custody; defendant is in violation of the entire (HALT ACT) 2025 NY ASSEMBLY BILL NO. 1261.

DEFENDANT NO. 2 (Chief Alfonso Harris) is the chief of security and the Head Coordinator of the grievance program within the entire Erie County Sheriff's department; defendant is legally responsible for the processing, filing and procedural appeal processing of said grievances, defendant has failed in his legal duties and responsibilities to ensure all persons in the custody of the ECSD grievance rights are upheld and that no retaliatory actions be taken against one who has filed such grievance against deputies, medical personnel and employees of the sheriff's dept. in violation of 2025 NY ASSEMBLY BILL NO. 1261 subd. 5 of sec. 137 of the correction law, chpt. 322 (c), (D).

DEFENDANT NO. 3 (Lieutenant McMann) is a lieutenant that works in the Erie County Holding Center and is the designated head of the disciplinary department/classification, he has the authority

Classified incarcerated people and assign them to housing units; this defendant also has the authority to conduct disciplinary hearings and assign designatees to conduct disciplinary hearing in the manner he desires which is a violation of 7 NYCRR sec. 250 of chpt. 5. Defendant has failed in his legal duties and responsibilities to ensure that the disciplinary system is not used as a tool to seek retaliation and or revenge against a incarcerated person who has exercised their right to file grievance against a deputy or employee of the Erie County Sheriff's Department, and defendant has failed in his legal responsibility to follow 2025 NY ASSEMBLY BILL NO. 1261, subd. 33 of sec. 2 of Correction law, chpt. 93 (Special Population) by placing (Plaintiff) and other incarcerated people in SHU/MINIMUM housing in violation of the HALT ACT; and has violated subd. 5 section 137, chpt. 322 (5)(c)(D)

DEFENDANT NO. 4 (Sergeant Perez) is a sergeant who works in the ECHC and is legally responsible for the care and safety of all people held within the custody of the holding center, which includes that all documentation (including body worn cameras) are saved and filed properly when incidents of deployment of chemical agent upon incarcerated person, defendant has failed in that legal responsibility and also defendant has failed in his responsibility to not retaliate against plaintiff for exercising his legal right to press criminal charges upon a deputy who has assaulted him, failed in his duty not to seek revenge and retaliating against plaintiff for exercising his right to file grievance, contacting outside authorities, contacting media outlets by illegally ordering subordinates to write falsified disciplinary reports against plaintiff, illegally placing plaintiff in SHU in violation of 2025 NY ASSEMBLY BILL NO. 1261 subd. 33 of sec. 2 of the correction law, chpt. 93 (Special population) and Subd. 5 of sec. 137 of the correction

(B)(c)(D)
chpt. 322 ~~(A)(B)~~; defendant has failed in his Legal duties to ensure that
plaintiff's Human, Constitutional and civil Rights are upheld in violation of
NYS Const. Article I, sections 5, 6, 8, 11, 12 and U.S.C.A 1st, 4th, 8th, 14th; Also
violation of the United Nations Declaration of Human Rights Article(s) 5 and 7.

Defendant No. 5 (Sergeant Pott) is a sergeant who works within the ECHC and has the
Legal responsibility for the care and safety of all people held in the custody
of the holding Center, and is also assigned as the grievance coordinator for
ECHC who's Legal responsibility to properly file and process grievance com-
plaints in accordance with the well established guidelines under NYS Minimum
standards and also allow incarcerated people their right(s) to appeal and exhaust
administrative remedies in accordance with 42 U.S.C §1997(E) requirements.
Defendant has failed in his Legal duties to ensure that all grievance complaints
are properly filed and logged in accordance with NYS Minimum Standards
guidelines; defendant has failed in his Legal duties to uphold the appeal
Rights of grievant (Plaintiff) by not Allowing grievant(s) to appeal determin-
ations to the "Citizens' Policy and Complaint Review Council, defendant has
failed in his Legal duties to ensure that no retaliation or revenge be taken
against any person incarcerated for filing grievance against Erie County
Sheriff deputies, administration and employees in violation of 2025 NY ASSEMBLY
BILL NO. 1261, Subd. 5 of sec. 137 of the correction Law, chpt. 322 (C)(D).

Defendant No. 6 (Sheriff deputy P. McCombs) is a sheriff's deputy who works at ECHC and
has the Legal duty and responsibility for the care and safety of all people held
in the custody at the ECHC, and also has the Legal duty to uphold all aspects
of the 2025 NY ASSEMBLY BILL NO. 1261 (Jan. 29th, 2025 HALT ACT)
and the Human, Constitutional and Civil Rights of all incarcerated

people being held in the ECHC. Defendant has failed in his legal duties and responsibilities to hold plaintiff's right to freedom of speech, free from cruel and unusual punishment. Defendant has failed in his legal duties to uphold 2025 NY ASSEMBLY BILL No. 1261 Subd. 5 of sec. 137, chpt. 322 (B)(c)(D) and plaintiff's U.S.C.A 1st, 4th, 5th, 8th, 14th

DEFENDANT No. 7 (SERGEANT STOCKMAN) is a sergeant who works in the ECHC and has the legal duties and responsibility for the care and custody of all incarcerated people held in the custody of ECHC. Defendant is also assigned to conduct disciplinary hearings within the ECHC and has the legal duty and responsibility to conduct disciplinary hearings in a independent nuetral manner and follow the well established hearing procedures by allowing person to attend hearing, interviewing and allowing witnesses to testify in the presence of the accused, recording said hearing (electronicly) and documenting interviews of medical staff on the proper section of documented dispositions. Defendant has failed in his legal duties and responsibilities to uphold the Human, Constitutional and civil rights of incarcerated people (plaintiff) in violation 2025 NY ASSEMBLY BILL No. 1261, subd. 5 of sec. 137 chpt. 322 (B)(C) (D); U.S.C.A 1st., 4th, 8th, 14th.

DEFENDANT No. 8 (Sheriff deputy B. RIVERA) is a sheriff deputy who works in the ECHC and has the legal duties and responsibility for the care and custody of all people held in the custody of ECHC. Defendant has failed in his legal duty and responsibility of falsifying an disciplinary report, even if given a direct order by a sergeant (PEREZ) or higher authority, in means of retaliation and revenge AGAINST incarcerated people (plaintiff) who request

to press criminal charges upon his fellow co-worker (Deputy) in violation of 2025 NY ASSEMBLY BILL No. 1261; subd. 5 sec. 137 of the correction Law, chpt. 322(B)(c)(D)

DEFENDANT No. 9 (SERGEANT ATKENS) is a sergeant who works in the ECHC and has the Legal duties and responsibility for the care and custody of all in-carcerated people held in the custody of ECHC. DEFENDANT is also assigned to conduct disciplinary hearings within the ECHC and has the legal duty and responsibility to conduct disciplinary hearings in a independent, nuetral manner and follow the well-established hearing procedures by allowing person to call witnesses to testify in behalf of the accused, preserving and documenting video and evidence, recording said hearing (Electronicly) for further review. DEFENDANT has failed in his legal duties and responsibilities to uphold under Young v. Selsky 41 F. 3d pg. 52; United States v. Butts and uphold the Human, Constitutional and civil rights of incarcerated people (Plaintiff) in violation of 2025 NY ASSEMBLY BILL No. 1261; subd. 5 of the 137, chpt. 322(c)(D); U.S.C.A 1st, 4th, 8th, 14th.

DEFENDANT No. 10 (Sheriff deputy M. Porter) is a sheriff deputy who works in the ECHC and has the Legal duties and responsibility for the care and custody of all people held in the custody of ECHC. DEFENDANT has failed in his legal duty and responsibility of NOT falsifying an disciplinary report against plaintiff, even when given a direct order by a sergeant (PEREZ) or higher authority, in means of retaliation and revenge against incarcerated people (Plaintiff) who request to press criminal charges upon his fellow co-work (Deputy) in violation of 2025 NY ASSEMBLY BILL No. 1261, subd. 5 sec. 137 of correction LAW, chpt. 322(C)(D)

PAGE 5 of 5

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur? July 9, 2025 time Approx 2208; July 9, 2025 time Approx. 2221; Aug. 19, 2025 time Approx. 2120

D.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

(PLEASE See Attached page(s)) (9 pages Attached) (Exhibits A THUR J)

V.   **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

When I was illegally chemically sprayed (Assualted) by defendant, I sustained chemical burn marks to my facial area, back of Head, Neck and back areas that has caused discoloration and sensitive skin in those areas. I received no medical treatment at all, not even the required chemical washing. My PTSD has became very unmanagable, I fear all law enforcement, My seizure condition has became even worst, and I have not received treatment in accordance with the PATIENT'S BILL of RIGHTS.

VI.   **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I am requesting $5,000,000.00 from each defendant for the mental, physical and spiritual pain I have suffered by the defendant's intentional malicous conduct towards me and their intentional lawless conduct to cover up their wrongdoings with blatant retalaitory conduct towards me.

IV. STATEMENT of CLAIM, PART D

ON July 9, 2025 time Approx. 2208, I was being transfered from Alpha short to Charlie Long cell #2, upon being let on Charlie Long Low-side I asked deputy McCombs (Defendant No. 6) to bring the seizure boat that came with me from Alpha short because I was feeling a seizure coming, while standing on Charlie Long (Low-side) and detainee (Tyler Somage) standing inside the sally-port using the telephone, deputy McCombs began to yell at me stating," I am not bringing you anything because you don't have a medical permit saying you need a boat." At that point McCombs came to the sally-port bars with chemical agent (Emphasis Added) already in hand, yelling at me to get away from the "Fucking Gate," then out of nowhere McCombs sprayed me with the chemical agent, detainee Tyler Somage was sprayed also being that he was standing inside the sally-port using the telephone.

Then deputy McCombs (D6) pulled his alarm with the code being a 1040 (In-mate Fighting), more than 15 deputy's arrived along with sgt. PEREZ (Defendant No. 4) and McCombs continued to spray me until the can of chemical agent was empty. Then sgt. PEREZ (D4) ordered me to come inside the sally port with my back towards the gate to be handcuffed, I immediately yelled "Why did you spray me for asking for my seizure boat?" And I also yelled because I could not see, my head, neck, chest and back was burning litterly and I was choking trying to get air," that I can't put my hands behind my back because of the cerebal cage implant in my neck and if I do my entire Left-side of my body will go numb, its listed on my medical file along with my severere seizure condition since 2016." Sgt. PEREZ paid no attention nor did he care as he instructed deputies to cuff me from the back anyway and escort me to a "WATER HOSE." I was never seen by medical staff at no point. (Emphasis Added)

Page 1 of 9

I was sprayed down with water for 30 seconds to a minute, all the while I am telling all the deputies and Sgt. Perez (D4) that I am ALLERGIC to that chemical agent and it is listed on my medical file, at that point I also "verbally" requested to press criminal assualt charges on McCombs (D6). Once I stated that I want to press charges, Sgt. Perez (D4) told deputies to take me to Gulf East (Minimum Housing), I requested to know why I was being taken their when I have done nothing, sgt. Perez (D4) stated, "You don't request to press charges on one of us, asshole." I was then forcifully taken to Gulf East #42 cell, upon being taken to Minimum housing I told escorting deputy officer B. Rivera (Defendant No. 8) that my left-side of my body is going numb and could he please catch me because I am about to fall going up the stairs. At that point sgt. Perez (D4) said, "Let him fall, fuck him." I stumbled up the stairs to 42 cell, when inside cell I could barely stand-up where I was leaning against the door with my back to the open slot and once I was uncuffed I fell to my knees in pain because my skin was serverely burning and I lost feeling to my left arm, hip and leg to where I could not stand-up and I was left on the floor in extreme pain over night, still never was seen by medical personnel.

After two days of being left in Gulf East, I was not Fed or given a change of clothing or bedding and was without my seizure boat. I experienced atleast 2 seizures while being held in Gulf East #42 (Minimum Housing). I was issued a disciplinary report written by McCombs (D6) and endorsed by Sgt. Perez (D4). [Exhibit A] The disciplinary report charges consist of charges of the verbal content, thus violating my state and Federal rights to "Free Speech".

(Statement of Claim, pt. D)

On June 11, 2025, I was taken to the disciplinary hearing being conducted by (D3) Lt. McMann who upon reading said report and I entered a plea of "Not Guilty" to all charges written, I exercised my right to call witness and that witness was Tyler Somage who was also chemically sprayed with me and who in fact was inside the sally-port using the telephone at the time of incident. Lt. McMann denied me this witness stating that he has "No relevant testimony," then proceeded to tell me that he reviewed all video and body cameras. And that and I quote Lt. McMann's words carefully, "WHEN YOU PEOPLE talk with your hands, we take that as aggression towards us." (Emphasis Added) I then asked Lt. McMann if his camera was on, he said yes, I proceeded to state looking directly in his camera, I want to press charges for assualt. Lt. McMann turned off his camera and had Sgt. Rott (Defendant No. 5) take me in the hallway. Lt. McMann told Sgt. Rott to make sure he keeps quiet. I stood in the hallway for about 5 mins. then was brought back inside the disciplinary office. At that point Lt. McMann continued the hearing asking me once again how do I plea, once again I stated "not guilty to all charges," then he asked me do I have anything else to say. I replied yes and stated, Lieutenant I sat in front of you with nothing separating us with less than 4 ft. between us and I have been speaking with my hands the entire time, so why didn't you pull out your chemical spray and spray me? Lt. McMann then looked at me and stated, "I HATE YOU PEOPLE" and proceeded to find me guilty of 2 of the 3 charges. (See Exhibit B)

On July 15, 2025, I filed a grievance complaint pertaining to not being allowed to file criminal charges against deputy McCombs (D6) for being chemically assualted in violation of NY Const. Article 1 sec. 5, 6, 11 and U.S.C.A 1st, 14th, my right to Freedom of Speech and also my rights under the Patient's

BILL OF RIGHTS... On July 18, 2025, I received an response from the grievance I filed just 3 days prior, this response came from Chief Alfonso Harris (Defendant No. 2) who is also the grievance coordinator and his response to grievance No. 25G-136 was: I have carefully read the grievance that you filed on 7/15/25 in which you claim that you were "chemically assaulted" Your request to press criminal charges You request a temporary restraining order against members of staff. Additionally, you are requesting an independent investigation be conducted into Sgt. Perez and Lt. McMahon. Also, you are requesting that Deputy McCombs and Lt. McMahon be removed from duty. Investigation has determined that the claimed "chemical assault" was a documented individual inmate disturbance that was reported to the NYCOC... If you would like to speak to Professional Standards Division about claim staff misconduct and possible criminal charges, you are free to contact them. How to do so is listed in your inmate handbook... Temporary restraining orders are outside the purview of the Chief Administrative Officer... The ECHC is under no obligation to refer the incident to an independent outside investigator... Suspension of staff from duty is not a remedy available to you.. Your grievance is DENIED. (See Exhibit C) I was never allowed to appeal this denial to the Citizens' Policy Code Review Council which is the final level of appeal for county jails and holding facilities. Chief Harris (D2) knowingly and willingly violated my NY Const. Article I sec. 5, 6, 8, 11 and my right to due process under the 14th Amend. of the U.S. Const..

On July 17th, 2025, I submitted pursuant to the Freedom of Information Law request to the Sheriff John Garcia (Defendant No. 1)/F.O.I.L officer to preserve and obtain all video/Body worn camera (A156),

(Statement of Claim, pt. D)                                        Page 4 of 9

ESPECIALLY from McCombs (D6) who wrote in his written report (Disciplinary) that he activated his BWC (A156). I have yet to receive any acknowledgement from John Garcia (D1) or anyone else that my request has been received even though I submitted said request in writing on the JMD form. I submitted another F.O.I.L request to John Garcia (D1) on August 6, 2025 and again no response nor acknowledgement of request being received. (See exhibits D and E)

On July 29, 2025, I was given a disciplinary disposition by deputy B. Rivera (Defendant No. 8) issued by Sgt. Stockman (Defendant No. 7) for a disciplinary report that was written by deputy Rivera (D8) on July 9, 2025, per direct order of Sgt. Perez (D4) for allegedly not giving them the handcuffs when being escorted to Gulf East #42 (Minimum Housing). I was never notified that a disciplinary matter was pending upon me nor was I issued the report within the statutory time of 7 days of the incident but I received a disposition finding me guilty of 2 rule violations, I was never allowed to attend this disciplinary hearing and the medical dept. was called in accordance to Erie County Sheriff's office disciplinary hearing record form section Inmate statement (Medical evaluation completed) their is no check mark within said box to show Sgt. Stockman did his due diligents to obtain all information before rendering a decision. [This is a perfect example of the determination made in Young v. Selsky 41 F. 3d pg. 52] (See Exhibit F)

On August 10, 2025, I submitted a JMD form addressed to John Garcia (D1) informing him that I filed grievances on 7-27, 28, 29-2025 which are logged within Charlie Long logbook but have yet to receive a file number or response within the required time of 5 days after submittion.

(Statement of Claim, pt. D)                                    Page 5 of 9

I again notified John Garcia (D1) that grievance sgt. Rott (D5) is refusing to file my grievances and process them accordingly with the guidelines established by the State Commissions of Correction. (See Exhibit G)

On August 15, 2025, a cellblock search of charlie long took place where under the direction of Sgt. Perez (D4) ordered me from 19 cell, placed me in handcuffs and escorted to the company shower area where sgt. Perez (D4) ordered deputy's to strip search me, I immediately objected because I know its against the law to strip frisk detainees' while being held in a holding facility. At that point sgt. Perez (D4) told the deputy's to just hold me their while the cell (19) was being searched, then I was sat at the steele table located in front of 17 and 18 cell where I could see deputy's reading all my legal paperwork and throwing legal documents in the toilet, I immediately began to complaint verbally making it known that I see everything that they were doing. When the deputy's were done, I notice that they did not have on body worn cameras nor name tags. I immediately began to search the cell behind these deputy's, when I searched the light fixture, I found a broken razor blade in the bottom left corner of the light. I immediately grabbed a county issued bar of soap, pushed the broken razor inside of it and flushed it down the toilet making sure it went down. Upon being let out of cell, I immediately called my fianceé (Kisha Fulgham) who called on 3-way, Chief Neil C. Held of the Professional Standard and Conduct Division (716-858-8088) and I left a voice message detailing the incident. My fianaceé (Kisha Fulgham) then called 10 Delaware Ave. (Sheriff's Office) and left a detailed voice complaint.

(Statement of Claim, pt. D)                                            Page 6 of 9

On August 19, 2025, I was taken to Gulf East #31 (Minimum Housing) at 11:47pm without being involved with any incident violent or non-violent by sgt. (D4) PEREZ and two deputy's who had no nametags or body worn cameras, I was taken the back way of the facility to avoid the cameras on the cell-blocks and hallways, where the camera system does not work on Delta floor due to HIPPA LAW, in which was the way I was kidnapped. I was never told why I was being placed in Minimum housing by sgt. PEREZ (D4) on that the disciplinary Lieutenant and himself are placing me their.

On August 20, 2025, while being housed in Gulf East #31, I have a seizure inside the closed off room where no one attended to me not security staff nor was medical notified, thus violating NY ASSEMBLY BILL NO. 1261 subd. 33 of sec. 2 of the correction Law, chpt. 93 (Special population).

On August 23, 2025, once again while still housed in Gulf East #31 (Minimum Housing) I had back to back seizures and again no staff (security or medical) came to my aid, I was just stuck in a closed off room until I came too. I used the bathroom all over myself, I was later let out of the locked room to shower, then the female assigned sergeant to gulf east came to me and asked if I was alright and that she was going to the hospital to check with medical staff but never took me to medical or had medical personnel come check me out, thus violating NY ASSEMBLY BILL NO. 1261, subd. 33 of sec. 2 of the correction Law, chpt. 93 (Special population)... Later that same day around 2pm, I received a disciplinary report written on August 20, 2025 by deputy M. Porter, incident dated August 19, 2025, endorsed by sgt. PEREZ (D4). The report written by deputy M. Porter (DEFENDANT No. 10) reads: On the Above date and approx. time 2120 I deputy porter was assigned to Charlie Long on the 1500-2360 shift while conducting an active supervisory tour on the

(Statement of Claim, pt. D)                                    Page 7 of 9

Low side of Charlie Long I heard sneakers squeaking I immediately investigated the noise and observed I/I Williams Jameel ICN #389886 holding a facility bed sheet up against the bars blocking the view of the facility security camera. I ordered I/I Williams to remove the sheets to which he complied. This was the first time I was informed the reason why I was placed in Minimum Housing per order of Sgt. Perez (D4) and authorized by disciplinary Lieutenant McMahon (D3). The narrative of the disciplinary report does not fit the criteria which warrants placement in Minimum housing which violates my Human, Constitutional and Civil right(s) under 2025 NY ASSEMBLY BILL No. 1261 subd. 33 of Sec. 2, chpt. 93 (special population) and also subd. 5 section 137, chpt. 322 (5)(c)(D) (See Exhibit H)

On August 23, 2025 I submitted a slip (Sick call) to the medical and mental health departments here at ECHC alerting them of me having seizures and not receiving any medical attention while being held in violation of the HALT ACT.

On August 24, 2025 I submitted another slip (Sick Call) to the medical and mental health dept.'s requesting to be medically evaluated due to the seizures I experienced with me falling hitting my head on the concrete floor. And I also expressed my fear for my life. (Exhibit I) I still have not received any medical attention.

On August 25, 2025, I was called to the disciplinary office for the ███████ disciplinary report written by deputy Porter (D10) by Sgt. Atkens (Defendant No. 9) who commenced said disciplinary hearing to where I plead "NOT GUILTY" to all charges and I asked Sgt. Atkens (D9) if the hearing was being recorded and he said, "We don't need to record here." At that point, I asked Sgt. Atkens (D9) then how can the appeal process work independently? He said, "My decision and anyone elses who handles hearings decision is final." At that point Sgt. Atkens (D9) says to me, "I except plea deals," I told him I

(Statement of Claim, pt. D)                                    Page 8 of 9

plead not guilty because I did not violate any rule and I know this is retaliation for me writing to district Attorney (of Erie County) Requesting to press assualt charges on deputy McCombs (D6), Sgt. Atkens then proceeded to find me guilty of all charges but immediately releases me from minimum housing sending me back to charlie long #19. The finding of guilty is a direct showing how this defendent has knowingly and willingly utilize the disciplinary system as means for retalia- tion and Revenge, just not only this defendant but All of the defendants named in my claim has violated 2025 NY ASSEMBLY BILL NO. 1261 in its entirity. (See Exhibit J]

   I have been deprived my Human, Constitutional and Civil Rights by all defendants who have openly express disregard for the (HALT ACT) NY ASSEM-BLY BILL NO. 1261 (Jan. 29, 2025).


My Witnesses are as follows:
    Tyler Sohage ICN# N/A
    Earnest Bishop ICN# 82394
    Keon Dread ICN# 159166
    Daniel Rodrigez ICN# 65458

(Statement of Claim, pt. D)                                          Page 9 of 9

ERIE COUNTY SHERIFF'S OFFICE • JAIL MANAGEMENT DIVISION    [Exhibit A]

# DISCIPLINARY REPORT

| Inmate Name | ICN # | H.U. # | Date / Time of Report |
|---|---|---|---|
| Williams Jameel | 38786 | c-long #2 | 7-10-25    00:23 |
| Location of Offense | Date/Time of Offense | Incident # | Reporting Officer |
| C-long Sallyport | 7-9-25    2208 | 25-759 | Deputy P. McCombs |

| CHARGE # | OFFENSE | CLASS |
|---|---|---|
| 106 G | Use of abusive or obscene Language/Gestures, insolence, insubordination | B |
| 107 I | Failure to immediately lock in when ordered | C |
| 107 J | Failure to immediately obey an order from staff member | C |

### NARRATIVE

On Wednesday 7-9-25, I Deputy P.McCombs was working Charlie long. At approximately 2208 I/E Williams, Jameel (38786) came to the Sallyport gate agitated and said "Get my seizure boat." I asked if he had a medical order for said item and immediately went over to the c/s Sallyport gate and also immediately activated my B.W.C. A156. I/E Williams became extremely agitated and aggressive. I gave a loud order to "back off and lock in." I/E Williams did not comply and continued his aggressive behavior. I gave a second command to "back off and lock in." I/E Williams again did not comply and made an aggressive attempt to reach through the bars and grab me. I then deployed a one second burst of Foxlabs 5.3 million shu in 4% solution with ultra violet dye O.C. spray to the face area of I/E Williams. I also immediately radioed central control stating "Charlie long O.C. deployed." I/E Williams refused to enter the Sallyport until sergeants and response team arrived. I/E Williams was escorted to correctional health for evaluation and decontamination. End of Report

Under penalty of perjury, I attest that the above statements are true to the best of my knowledge and belief.

Signature of reporting Officer    w/m 47yo    Badge # 1627    Date 7-10-25

| Inmate's Receipt | Waiver |
|---|---|
| I have been advised of, and provided with a written copy of, the disciplinary charges filed against me. | I understand that I am entitled to a minimum of 24 hours to prepare a defense, prior to any disciplinary proceeding. I voluntarily waive that right and request that my hearing be held at the next scheduled meeting of the Disciplinary Committee |
| 07/11/25    0750 | |
| Date / Time | |
| Inmate's Signature | Inmate's Signature    Date |
| ☒ Inmate refused to sign receipt | Employee's Signature    Badge # |
| Stucke    1621 | |
| Signature of Employee    Badge # | |

### SUPERVISOR'S REVIEW

This report meets the standards for disciplinary reports as established by the Jail Management Division of the Erie County Sheriff's Office.

☑ Forward to the Disciplinary Committee
☐ File

Signature of Reviewing Supervisor    Date 7/10/25

### NOTIFICATION OF INMATE'S RIGHTS

- You will be given an opportunity to be heard in your own behalf.
- You will be provided with a minimum of 24 hours in which you may prepare a defense and present it to the Disciplinary Committee. You may submit a written statement, which will be maintained as part of the record. You may request that witnesses be called to testify, or to submit written statements on your behalf.
- You will receive written notice of the decision of the Disciplinary Committee.
- You may appeal the decision of the Disciplinary Committee, in writing within two (2) business days, to the Superintendent or designee.
- If any good time is revoked, on or about ten (10) days prior to your minimum outdate, you may apply to the Disciplinary Committee for restoration of lost good time.

JMD 18 (Rev.09/17)

# ERIE COUNTY SHERIFF'S OFFICE
## DISCIPLINARY HEARING RECORD

| Inmate Name | ICN | Housing Unit / # | Date of Report |
|---|---|---|---|
| WILLIAMS, JAMEEL | 387886 | C-L9-2 | 7-10-25 |

| Location of Offense | Date / Time of Offense | | Incident # | Reporting Officer |
|---|---|---|---|---|
| C-L9 - Sally Port | 7-9-25 | 2208 | 25-759 | McCombs |

| | Charges | Class | Inmate's Plea | | Findings | |
|---|---|---|---|---|---|---|
| [ X] Defendant present at hearing | 106-9 | B | G | (NG) | G | NG |
| [ ] Defendant refused to attend | 107-I | C | G | (NG) | (G) | NG |
| x_____ | 167-J | C | G | (NG) | G | NG |
| (Inmate's signature) | | | G | NG | G | NG |
| Followed by FMH? | | | G | NG | G | NG |
| [ X] YES | | | G | NG | G | NG |
| [ ] NO | | | G | NG | G | NG |

**INMATE'S STATEMENT:**

"I Refused to sign SPD 138D

[ ] No witness statement(s) received / requested          [X] Medical evaluation completed

[ ] Interpreter / Language Line utilized                          [X] Appeals process explained

| The finding of **INNOCENCE / GUILT** is based on the following credible evidence presented during the hearing: | **SANCTIONS IMPOSED:** |
|---|---|
| [ ] Officer's direct observations | [ ] Time served. |
| [ ] Inmate's statement(s) | [ X] Verbal reprimand |
| [ X] Review of INCIDENT REPORT | [ ] Abeyance: _____ days; _____ days NP if violated. |
| [ ] Review of physical evidence | [ ] Restitution: $_____ payable from existing/future funds. |
| [ X] Video Review | [ X] Surcharge: $_____ payable from existing/future funds. |
| [ ] Witness statement(s) | [ ] Loss of privilege(s):_____ for _____ days. |
| [ ] Other _____ | [ X] Minimum Privilege Housing: ___3___ days. |
| | [ ] Administrative action: _____ |

Sanctions to run for a period of ___3___ days, from _____ to _____.

You will be returned to general population on _____ at 6:30 p.m.

| **DISCIPLINARY COMMITTEE**     DAY: _____     DATE: _____     TIME: _____ |
|---|
| _____   _____ |
| Disciplinary Committee Signature          Disciplinary Committee Signature |

*REV. 12/24/24*                                                                                    **JMD-077**

# ERIE COUNTY SHERIFF'S OFFICE



[Exhibit C]

# Grievance Response

Grievance #:     **25G-136**

Date:            **July 18, 2025**

Inmate:          **Williams, Jameel (38786)**

I have carefully read the grievance that you filed on 07/15/25 in which you claim that you were "chemically assaulted" You request to press criminal charges. You request a temporary restraining order against members of staff. Additionally, you are requesting an independent investigation be conducted into Sgt Perez and Lt McMahon. Also, you are requesting that Deputy McCombs and Lt McMahon be removed from duty.

Investigation has determined that the claimed "chemical assault" was a documented Individual Inmate Disturbance that was reported to the NYCOC.

If you would like to speak to Professional Standards Division (PSD) about claimed staff misconduct and possible criminal charges, you are free to contact them. How to do so is listed in your inmate handbook.

Temporary restraining orders are outside the purview of the Chief Administrative Officer.

The ECHC is under no obligation to refer this incident to an independent outside investigator.

Suspension of staff from duty is not a remedy available to you.

Your grievance is **DENIED**.

Chief Alfonso Harris
Grievance Coordinator

[Exhibit D]

## ERIE COUNTY SHERIFF'S OFFICE
### JAIL MANAGEMENT DIVISION

TO: Board of Officer / Sheriff, John Garcia

SUPT.: _____    DEP. SUPT.: _____

LIEUTENANT SERGEANT: _____    CLERK: _____

CHAPLAIN: _____    SPECIAL SERVICE OFFICER: _____

NOTARY: _____    CLINIC: _____

PRE-TRIAL: _____    OTHER (SPECIFY): _____

DATE: 17TH   20 25   TIME: _____ AM/PM   HOUSING UNIT: _____

DEPUTY SIGNATURE: _____    BADGE NO.: _____

INMATE'S NAME: Jamal Williams    CELL #: 19

ICN#: _____

REQUEST: This is to inform you that I smoke the Execution

_____ and I have requested to purchase

video of the Deputy's Body Camera and the Camera

in the hallway on the date of July 22, 2025

_____ I will pay my self I need video

surveillance recorded videos to the following

_____ Jamal Williams

_____ NY ____

_____ as soon have requested

DISPOSITION: _____

_____

_____

_____

```
IF YOU WISH TO FILE A GRIEVANCE,
PLEASE REFER TO THE INMATE HANDBOOK
ON PROPER PROCEDURE TO FILE.
```

ECHC-11R (Rev. 01/06)

---

## ERIE COUNTY SHERIFF'S OFFICE
### JAIL MANAGEMENT DIVISION

TO: _____

SUPT.: _____    DEP. SUPT.: _____

LIEUTENANT SERGEANT: _____    CLERK: _____

CHAPLAIN: _____    SPECIAL SERVICE OFFICER: _____

NOTARY: _____    CLINIC: _____

PRE-TRIAL: _____    OTHER (SPECIFY): _____

DATE: _____   20 25   TIME: _____ AM/PM   HOUSING UNIT: L___

DEPUTY SIGNATURE: _____    BADGE NO.: _____

INMATE'S NAME: Jamal Williams    CELL #: 11

ICN#: _____

REQUEST: I am giving you legal notice that you will be

sued pursuant to 42 U.S.C § 1983 for continuing to

allow your security staff to continue to violate and to

take my rights of Attorney Client privilege, Access to

_____ Law library search and seizure for photocopying

my legal correspondence even when a C.P.R.C. legal

Aid Society Legal grievant's original grievance in 2022.

_____

DISPOSITION: _____

_____

_____

_____

```
IF YOU WISH TO FILE A GRIEVANCE,
PLEASE REFER TO THE INMATE HANDBOOK
ON PROPER PROCEDURE TO FILE.
```

ECHC-11R (Rev. 01/06)

[Exhibit 2]

[Exhibit G]

**ERIE COUNTY SHERIFF'S OFFICE**
**JAIL MANAGEMENT DIVISION**

TO: _____

| | |
|---|---|
| SUPT.: _____ | DEP. SUPT.: _____ |
| LIEUTENANT SERGEANT: _____ | CLERK: _____ |
| CHAPLAIN: _____ | SPECIAL SERVICE OFFICER: _____ |
| NOTARY: _____ | CLINIC: _____ |
| PRE-TRIAL: _____ | OTHER (SPECIFY): _____ |

DATE: _____ 20___ TIME: _____ AM/PM HOUSING UNIT: _____

DEPUTY SIGNATURE: _____ BADGE NO.: _____

INMATE'S NAME: _____ CELL #: _____

ICN#: _____

REQUEST: _____
_____
_____
_____
_____
_____
_____
_____

DISPOSITION: _____
_____
_____
_____

---

**IF YOU WISH TO FILE A GRIEVANCE,**
**PLEASE REFER TO THE INMATE HANDBOOK**
**ON PROPER PROCEDURE TO FILE.**

ECHC-11R (Rev. 01/06)

**ERIE COUNTY SHERIFF'S OFFICE**
**JAIL MANAGEMENT DIVISION**

TO: _____

| | |
|---|---|
| SUPT.: _____ | DEP. SUPT.: _____ |
| LIEUTENANT SERGEANT: _____ | CLERK: _____ |
| CHAPLAIN: _____ | SPECIAL SERVICE OFFICER: _____ |
| NOTARY: _____ | CLINIC: _____ |
| PRE-TRIAL: _____ | OTHER (SPECIFY): _____ |

DATE: _____ 20___ TIME: _____ AM/PM HOUSING UNIT: _____

DEPUTY SIGNATURE: _____ BADGE NO.: _____

INMATE'S NAME: _____ CELL #: _____

ICN#: _____

REQUEST: _____

DISPOSITION: _____

---

**IF YOU WISH TO FILE A GRIEVANCE,**
**PLEASE REFER TO THE INMATE HANDBOOK**
**ON PROPER PROCEDURE TO FILE.**

ECHC-11R (Rev. 01/06)

## ERIE COUNTY SHERIFF'S OFFICE
# DISCIPLINARY HEARING RECORD

| Inmate Name | ICN | Housing Unit / # | Date of Report |
|---|---|---|---|
| W_ll _r_ J_m__ | 3_?_u | U__ _8 | _._05 |

| Location of Offense | Date / Time of Offense | Incident # | Reporting Officer |
|---|---|---|---|
| 2_l _u5_ _4_ | _9 _5 000_ | N/A | B K_v_o |

| | Charges | Class | Inmate's Plea | | Findings | |
|---|---|---|---|---|---|---|
| [x] Defendant present at hearing | UV__3 | 6 | G / NG | | G | NG |
| [x] Defendant refused to attend | UV_-_ | c | G / NG | | G | NG |
| X __x_f_s_l_ | | | G / NG | | G | NG |
| (Inmate's signature) | | | G / NG | | G | NG |
| Followed by FMH? | | | G / NG | | G | NG |
| [x] YES | | | G / NG | | G | NG |
| [ ] NO | | | G / NG | | G | NG |

**INMATE'S STATEMENT:**

_le refused to attend unless cuffed in front. 3 h has a
cuffed alert with no need none for being cuffed in front.
Not guilty plene entered on his behalf.

I I. Williams has 2 business days to appeal the decision
of the Disc. Committee. Appeal forms available on
Housing Pod.

Copies of this hearing record given to I/E Williams
and recorded in Area Log Book.

21 day Abey 7 days if viol. + 10.00 SC (7-79) (8-19)

[x] No witness statement(s) received / requested          [ ] Medical evaluation completed
[ ] Interpreter / Language Line utilized                  [x] Appeals process explained

| The finding of INNOCENCE / GUILT is based on the following credible evidence presented during the hearing: | SANCTIONS IMPOSED: |
|---|---|
| [x] Officer's direct observations | [ ] Time served. |
| [ ] Inmate's statement(s) | [ ] Verbal reprimand |
| [ ] Review of INCIDENT REPORT | [x] Abeyance: 21 days; 7 days NP if violated. |
| [ ] Review of physical evidence | [x] Restitution: $_____ payable from existing/future funds. |
| [ ] Video Review | [x] Surcharge: $ 10 payable from existing/future funds. |
| [ ] Witness statement(s) | [ ] Loss of privilege(s):_____ for ____ days. |
| [ ] Other _____ | [ ] Minimum Privilege Housing: _____ days. |
| | [ ] Administrative action: _____ |

Sanctions to run for a period of _21_ days, from _7/29_ to _8/19_.
You will be returned to general population on _8/19_ at 6:30 p.m.

DISCIPLINARY COMMITTEE     DAY: _____   DATE: _____   TIME: _____

_____
Disciplinary Committee Signature                    _____ # 1259
                                            Disciplinary Committee Signature

[Exhibit H]

## ERIE COUNTY SHERIFF'S OFFICE • JAIL MANAGEMENT DIVISION
# DISCIPLINARY REPORT

| Inmate Name | ICN # | H.U. # | Date / Time of Report |
|---|---|---|---|
| WILLIAM JAMEEL | 38986 | C. Lg #19 | 8-20-25  0200 |

| Location of Offense | Date/Time of Offense | Incident # | Reporting Officer |
|---|---|---|---|
| CHARLIE LONG H/U | 8-19-25  2120 | 25-926 | M PORTER |

| CHARGE # | OFFENSE | CLASS |
|---|---|---|
| 107 A | Blocking Damaging picking or Tampering with Any Security Device | A |
| 106 B | which Results In Injury or threatens the SAfety Security or good order of the facity. | B |
| 107 M | Obstructing the view of A cell Room by use of Sheets towells Blankels Paper or Any other material | C |

### NARRATIVE

On the Above date at Approximatley 2120 Hrs I deputy Porter was Assigned to Charlie long on the 1500-2300 Shift. While Conducting an Actrar Supervsery Tour on the low Side of Charlie long I heard Sneakers Squeaking I Immediatley Investigated the noise And observed I/I williams Jameel ICN 38986 holding a facility bed Sheet up Against the bars Blocking the view of the facility security CAmera. I ordered I/I williams to remove the Sheets to which he complied.

Under penalty of perjury, I attest that the above statements are true to the best of my knowledge and belief:

Signature of reporting Officer: _Mat Pate_

Badge #: 1666

Date: 8-20-2025

### Inmate's Receipt

I have been advised of, and provided with a written copy of, the disciplinary charges filed against me.

Inmate's Signature ___ Date / Time ___

☐ Inmate refused to sign receipt.

Signature of Employee ___ Badge # ___

### Waiver

I understand that I am entitled to a minimum of 24 hours to prepare a defense, prior to any disciplinary proceeding. I voluntarily waive that right and request that my hearing be held at the next scheduled meeting of the Disciplinary Committee.

Inmate's Signature ___ Date ___

Employee's Signature ___ Badge # ___

### SUPERVISOR'S REVIEW

This report meets the standards for disciplinary reports as established by the Jail Management Division of the Erie County Sheriff's Office.

☑ Forward to the Disciplinary Committee

☐ File

Signature of Reviewing Supervisor ___

Date: 8/20/25

### NOTIFICATION OF INMATE'S RIGHTS

• You will be given an opportunity to be heard In your own behalf.
• You will be provided with a minimum of 24 hours In which you may prepare a defense and present It to the Disciplinary Committee. You may submit a written statement, which will be maintained as part of the record. You may request that witnesses be called to testify, or to submit written statements on your behalf.
• You will receive written notice of the decision of the Disciplinary Committee.
• You may appeal the decision of the Disciplinary Committee, In writing within two (2) business days, to the Superintendent or designee.
• If any good time is revoked, on or about ten (10) days prior to your minimum outdate, you may apply to the Disciplinary Committee for restoration of lost good time.

JMD 18 (Rev.09/17)

Exhibit I

(Rev. 4/21/2022)

Erie County Sheriff's Office

## Sick Call Request

**Incarcerated Individual to complete this section only**
*(El preso,(La presa) a completer esta seccion)*

Last name: Williams          First name: Jamel          ICN: 38786
*Apellido*                    *Primer Nombre*                      *Preso No. Correccional*

D.O.B.: 01 / 26 / 76         Location: Gulf East #31
*Fecha de nacimiento*        *Mujer  Ubicacion*

Date of Request: 8 / 24 / 25     Time of Request: 9am  (hrs)
*Fecha de solicitud*             *Tiempo de solicitud*

Reason for Request:  Medical ✓  Dental___  Forensic Mental Health ✓
*Razon de solicitud*

I REQUEST TO SEE MENTAL HEALTH SERVICES AND AN MEDICAL PROVIDER. I FEAR
FOR MY LIFE. I HAVE BEEN PLACED IN GULF EAST ILLEGALLY BY LT. MCMANN OUT OF
RETALIATION FOR WRITING GRIEVANCES. I HAVE HAD 3 SEIZURES WITH NO MEDICA-
ATTENTION NOR ANY CODE 1062 CALLS MADE. I AM BEING HELD IN CONFINEMENT
AGAINST THE JAN. 29, 2025 NY ASSEMBLY BILL NO. 1261 (HALT ACT) SUBDIVISION 33
OF SECTION 2 OF THE CORRECTION LAW CHAPT. 93 (SPECIAL POPULATION). I FEAR FOR MY LIFE
AND I KNOW ITS SGT. PERLZ AND LT. MCMANN TRYING TO KILL ME!!!

Symptomatic          Asymptomatic          Forensic Mental Health

Triaged by: _____

white copy = medical/yellow copy = incarcerated individual

---

(Rev. 4/21/2022)

Erie County Sheriff's Office

## Sick Call Request

**Incarcerated Individual to complete this section only**
*(El preso,(La presa) a completer esta seccion)*

Last name: Williams          First name: Jamel          ICN: 38786
*Apellido*                    *Primer Nombre*                      *Preso No. Correccional*

D.O.B.: 01 / 26 / 76         Location: Gulf East #31
*Fecha de nacimiento*        *Mujer  Ubicacion*

Date of Request: 8 / 23 / 25     Time of Request: 9am  (hrs)
*Fecha de solicitud*             *Tiempo de solicitud*

Reason for Request:  Medical ✓  Dental___  Forensic Mental Health ✓
*Razon de solicitud*

I AM BEING HELD IN A CONFINEMENT AREA AGAINST THE HALT ACT
AND I HAVE HAD 3 SEIZURES WITH NO MEDICAL ATTENTION
AT ALL. NO CALLS WERE MADE FOR CODE 1062. I FEAR FOR
MY LIFE. LT. MCMANN MOVED ME HERE OUT OF RETALIATION.

Symptomatic          Asymptomatic          Forensic Mental Health

Triaged by: _____

white copy = medical/yellow copy = incarcerated individual

# ERIE COUNTY SHERIFF'S OFFICE
# DISCIPLINARY HEARING RECORD

| Inmate Name | ICN | Housing Unit / # | Date of Report |
|---|---|---|---|
| WILLIAMS, JAMEEL | 38786 | C-L9-19 | 8-20-25 |

| Location of Offense | Date / Time of Offense | | Incident # | Reporting Officer |
|---|---|---|---|---|
| C-L9 - HIGH SIDE | 8-19-25 | 2126 | 25-926 | PORTER |

| | Charges | Class | Inmate's Plea | | Findings | |
|---|---|---|---|---|---|---|
| [ ] Defendant present at hearing | 107-A | A | G | NG | G | NG |
| [ ] Defendant refused to attend | 106-B | B | G | NG | G | NG |
| x _____ | 107-M | C | G | NG | G | NG |
| (Inmate's signature) | | | G | NG | G | NG |
| **Followed by FMH?** | | | G | NG | G | NG |
| [ ] YES | | | G | NG | G | NG |
| [ ] NO | | | G | NG | G | NG |

**INMATE'S STATEMENT:**

[ ] No witness statement(s) received / requested          [ ] Medical evaluation completed

[ ] Interpreter / Language Line utilized          [ ] Appeals process explained

| The finding of **INNOCENCE / GUILT** is based on the following credible evidence presented during the hearing: | **SANCTIONS IMPOSED:** |
|---|---|
| [ ] Officer's direct observations | [ ] Time served. |
| [ ] Inmate's statement(s) | [ ] Verbal reprimand |
| [ ] Review of INCIDENT REPORT | [ ] Abeyance: _____ days; _____ days NP if violated. |
| [ ] Review of physical evidence | [ ] Restitution: $_____ payable from existing/future funds. |
| [ ] Video Review | [ ] Surcharge: $_____ payable from existing/future funds. |
| [ ] Witness statement(s) | [ ] Loss of privilege(s):_____ for _____ days. |
| [ ] Other _____ | [ ] Minimum Privilege Housing: _____ days. |
| | [ ] Administrative action: _____ |

Sanctions to run for a period of _____ days, from _____ to _____.

You will be returned to general population on _____ at 6:30 p.m.

**DISCIPLINARY COMMITTEE**    DAY: _____    DATE: _____    TIME: _____

_____    _____
Disciplinary Committee Signature                    Disciplinary Committee Signature

*REV. 12/24/24*                                                                    **JMD-077**

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_ERIE County Holding CENTER_

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)? _DENYING ME MY Right to PRESS CRIMINAL CHARGES, DENYING ME MY Right to Exhaust All grievance appeal remedies; DENYING ME MY Right to obtAIN VIDEO tape pursuant to F.O.I.L; Refusing to allow AN INDEPENDENT INVESTIGATION to bE conducted; refusing to submit grievance to the governor of NY, State Commissions of Correctionst upon My Request, etc._

**D.**     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

**E.**     If you did file a grievance:

1.   Where did you file the grievance?

*Directly to the State Commissions of Correction*

2.   What did you claim in your grievance? *That ECHC Sgt. Rott and Chief Harris ARE refusing to file my grievances and give file numbers and Not Allowing me to Appeal to where I can exhaust all claims for violations of the ADA; being chemically assualted for having an medical condition; being retaliated against by deputies for exercising my right to file grievance by means of falsified disciplinary reports, placement in SHU (illegally).*

3.   What was the result, if any? *The only result was falsified disciplinary reports being lodged against me by deputy deputy and being placed in SHU against the HALT ACT, Special Population*

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
*I have written and called directly to the State Commissions of Correction and Requested that I be allowed my right to exhaust my Appeal rights. I have yet to get an response after writing numerous Letters and submitting grievances directly to the State Commissions of Correction; to ensure my grievances get filed and process and to Let State officials know of the corruptive methods going on in Erie County Holding Center.*

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

PLEASE SEE Exhibit(s)
The Exhibits will explain themselves And ANSWER this question

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
Plaintiff(s)  JAMEEL WILLIAMS
Defendant(s)  John GARCIA

2.  Court *(if federal court, name the district; if state court, name the county and State)*
SUPREME Court of the State of N.Y. COUNTY of ERIE

3.  Docket or index number
(N/A)

4.  Name of Judge assigned to your case
(N/A

5.  Approximate date of filing lawsuit
August 25, 2025

6.  Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

IX.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

| | |
|---|---|
| Signature of Plaintiff | *Jameel Williams* |
| Printed Name of Plaintiff | JAMEEL WILLIAMS |
| Prison Identification # | 38786 |
| Prison Address | 40 DELAWARE AVE. |
| | Buffalo     NY    14202 |
| | *City*     *State*    *Zip Code* |

B.    **For Attorneys**

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____ *City* _____ *State* _____ *Zip Code*

Telephone Number _____

E-mail Address _____

Print     Save As...     Add Attachment     Reset

Jameel Williams 38758
ECHC, 40 Delaware Ave.
Buffalo, New York
                14202



US POSTAGE PITNEY BOWES

ZIP 14202    $ 003.37
02 7H
0006102069    SEP 11 2025

To: Clerk of Court, Mary C. Loewenguth
Robert H. Jackson
2 Niagara Square
Buffalo, New York
                14202

APPROVED SEP 0 9 2025
$ 3.37

USDC - WDNY
SEP 1 5 2025
BUFFALO

Mailed Out: Sept. 9th, 2025